GARDEN, JUDGE:
Chester Jones, also known as Chester Mynes, filed this *222 claim to recover damages alleged to have occurred when the respondent allegedly breached a contract with the claimant for quarrying stone on claimant’s property.
Claimant is the owner of a 10-acre tract of land located on Green Creek Road in Roane County, West Virginia. On April 3, 1971, the claimant and the respondent entered into a written lease agreement, the purpose of which was to permit the respondent to proceed onto claimant’s property “to purchase and acquire certain rock and stone for the purpose of using same upon said highways;” (Claimant’s Exhibit No. 10). The agreement further provides for payment of the stone quarried as follows:
“The agreed price to be paid by party of the second part to party of the first part shall be $0.05 per ton for all stone removed and certified. It is mutually agreed that volume shall be determined by truck load records. The back wall of the quarry shall be left as a perpendicular wall and the quarry site left in a tidy condition. This agreement shall be for a period of four (4) years from drte.”
During the term of the contract, the claimant received one payment from the respondent for the stone quarried. This payment, which was in the amount of $1,989.40, was transmitted to the claimant by a letter stating that payment was in full. Claimant, at that time, questioned the amount of the payment, but accepted it with the understanding that further payments would be forthcoming. The claimant then received nothing further.
To perform the stone quarrying operation, it was necessary for the respondent to clear a portion of claimant’s property of trees and move dirt to obtain the rock. Then, blasting was undertaken to obtain the rock for the stone crushing operation. Respondent also constructed a haul road on the property for removal of the stone from the quarry. This road was actually part of an old road already existing on the property and partially new road. The quarrying operation on claimant’s property ceased at some point in 1973. The lease agreement expired on April 3, 1975.
*223 The claimant subsequently filed this claim in May 1976 alleging a breach of the lease agreement. Claimant contends that he was not paid for all of the stone quarried on his property; that his house sustained damages as the result of the blasting activities; that rocks were left strewn over the property; that a garage was destroyed; that fruit trees were destroyed; and that the road ramp which cuts across the meadow has not been removed. Claimant alleges that his property has not been left in a “tidy condition” in accordance with the provisions of the lease agreement.
Respondent, however, contends that claimant had been paid in full for the stone quarried. According to records of the respondent, 39,788 tons of stone were quarried and the claimant was paid at a rate of $.05 per ton, the rate agreed to in the lease agreement. Respondent also contends that the claimant has released the State from any and all claims for damages and compensation to the residue.
Previously, the Court made an award to the claimant in the amount of $3,760.60 for stone quarried by the respondent in accordance with the terms of the lease agreement. The award was paid by an appropriation by the 1980 Legislature.
Subsequent to the award, the claimant filed a petition for rehearing and thereafter the claimant and the respondent filed briefs on the question of damages to the real property and buildings of the claimant. The Court, having considered these briefs, reviewed the law of West Virginia with respect to damages to real property.
The general rule has been that damages to real property were classified as temporary or permanent. The measure of damages then depended upon the classification. A temporary injury to property occurred when the cause of the injury and its effects could be remedied, removed or abated. The measure of damages was the cost of remedy, removal or abatement. Injury to real property was permanent when the injury affected the property’s value permanently. The measure of damages was then the difference in the market value of the property immediately before and immediately after the injury. The West Virginia Supreme Court reviewed these two methods *224 of measuring damages to real property in the case of Jarrett v. Harper & Son, Inc.,-W.Va.-, 235 S.E.2d 362 (1977), and determined that:
. .a more manageable and meaningful meshing of the measures is possible simply by eliminating the temporary and permanent classifications. The result would be similar to the rule about damage to personal property. When realty is injured the owner may recover the cost of repairing it plus his expenses stemming from the injury including loss of use during the repair period. If the injury cannot be repaired or the cost of repair would exceed the property’s market value, then the owner may recover the money equivalent of its lost value plus his expenses resulting from the injury including loss of use during the time he has been deprived of his property.”
The Court further stated that:
“. . .cases that differentiate between measures of damages for injury to real property on the ‘temporary’ or ‘permanent’ bases are overruled on that point.”
In this claim, the claimant’s property sustained damages to the residence and other outbuildings and damages to the terrain. During the hearing of this claim, testimony from the claimant and exhibits introduced with respect to damages, indicated the following: the cost of cleaning up the real property — $14,480.00; repairs to the residence — $623.00: clean-up of the quarry site- — $14,700.00; rebuilding of the garage — $1,200.00; and replacement of fruit trees — $1,335.00, for a total amount of damages of $32,338.00.
Also submitted for the Court’s consideration were appraisals. The appraisal report submitted by the claimant demonstrated a difference in before and after market values of $24,000.00, while the difference in before and after market values in the appraisal report submitted by the respondent was $1,700.00.
The Court has carefully considered all of the damage evidence submitted in this claim and hereby makes an award of $12,760.60, less the award of $3,760.60 heretofore received.
Award of $9,000.00.